UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN WILES NAGLE IV,

Plaintiff,

v.

CITY OF SAN JOSE, et al.,

Defendants.

Case No.  25-cv-05523-SVK

**ORDER GRANTS IN PART AND DENIES IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Re: Dkt. No. 38

This case arises out of Plaintiff John Wiles Nagle IV's allegations of misconduct by certain members of the San Jose Police Officers during a traffic stop.  *See, generally*, Dkt. 1.  The Parties have exchanged initial disclosures and Defendants have stipulated to several amendments.  Dkts. 12, 23, 30, 33.  At issue is Plaintiff's Second Amended Complaint ("SAC").  Dkt. 35.  The SAC seeks damages under 42 U.S.C. § 1983 for unlawful seizure, excessive use of force and denial of medical care by four defendant-officers, Jose Alvarez, Peter Ryu, David Freudenstein, and Michael Jaycox (the "Named Officers") as well as against 25 Doe Officers.  Dkt. 35 at 7-9.  It also alleges attendant California statutory and common law causes of action against the same officers.  *Id.* at 10-12.  The SAC also names the City of San Jose (the "City") as a defendant for negligent training and supervision.  *See id.* at 1, 6 ¶ 29, 11-12.

Before the Court is Defendants' partial motion to dismiss the SAC.  Dkt. 38 ("Motion") Specifically, Defendants seek dismissal of:  (1) the Section 1983 claims against Officers Ryu, Freudenstein and Jaycox only;  (2) the California state tort claims against all Named Officers;  and (3) dismissal of the Doe Officers as defendants.  Dkt. 38 at 2.  All necessary Parties have consented to magistrate judge jurisdiction.  Dkts. 15, 22, 46.[1]  The Court determines that this

United States District Court
Northern District of California

---

[1] Plaintiff sues 25 Doe defendants. *See* Dkt. 1.  These Doe defendants are not "parties" for purposes of assessing whether there is complete consent to magistrate judge [CONTINUED]

matter may be resolved without oral argument.  Civil L.R. 7-1(b).  Having considered the Parties' submissions, the relevant law and the record in this matter, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I.    BACKGROUND

The facts herein are drawn from Plaintiff's SAC.[2]  On January 10, 2025, Plaintiff was driving his son and other young family members to get propane for a barbecue.  Dkt. 35, ¶ 16.  He was pulled over by officers of the San Jose Police Department ("SJPD"), and alleges that the "officers exited the[ir] vehicle and immediately drew their weapons." *Id.*, ¶ 17.  After some conversation, the "officers ordered Plaintiff out of the car and physically grabbed him to arrest him." *Id.*, ¶ 18.  Plaintiff verbally complained about the officers "being too rough," and "one of the officers took Plaintiff to the ground and was straddling him." *Id.*, ¶ 19.  A second unnamed officer soon joined in. *Id.*  Then, "while Plaintiff was pinned to the ground and defenseless, Defendant Alvarez sprinted towards Plaintiff and struck him with a blow from his knee, before repeatedly striking him with a closed fist no fewer than five times all over his body." *Id.*, ¶ 23.  At that point, "the officer originally straddling Plaintiff joined in the attack, and delivered a knee strike to Plaintiff's back before striking him with a closed fist to the face," breaking his nose. *Id.* An unnamed number of officers "subsequently pinned Plaintiff to the ground with knees to his back and neck, injuring and choking him." *Id.*  Officers Ryu, Freudenstein and Jaycox were at the scene and were either involved with "or failed to stop the assault."[3]  *Id.*

An ambulance arrived at the scene sometime thereafter. *Id.*, ¶ 27.  Plaintiff was to be transported to a hospital but alleges, on information and belief, that the "officers demanded that Plaintiff be removed from the ambulance, despite his obvious need for medical care, and placed

---

jurisdiction. *See Williams v. King*, 875 F.3d 500, 502-05 (9th Cir. 2017) (magistrate judge jurisdiction vests after all named parties, whether served or unserved, consent).

[2] For the purposes of resolving the Motion, the Court takes the factual allegations of the Complaint as true.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (courts generally "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party.").

[3] Another officer, Officer Wellman, is also the subject of this allegation but is not named as a defendant in this action.

into an SJPD cruiser." *Id.* Plaintiff was subsequently hospitalized, but then "taken to jail[] and given significant medical treatment while incarcerated for his injuries." *Id.*, ¶ 28. Plaintiff alleges that the assault took place because "Officers escalated a non-violent encounter into a violent assault on compliant individuals," and that the City is responsible for its "failure to properly train, supervise and discipline its personnel." *Id.*, ¶ 29. Plaintiff also alleges that each of the Officers present failed to intervene in the assault and "worked together as a group to back each other up provide tacit approval for the incident, and support, assist, and encourage one another's actions." *Id.*, ¶¶ 30-32.

Plaintiff filed his original complaint on July 1, 2025 and a first amended complaint on September 22, 2025. Dkts. 1, 12. Defendants City of San Jose and Officer Alvarez answered the first amended complaint on November 12, 2025. Dkt. 23. Thereafter, the Court held an initial case management conference and, among other dates, set the Parties' deadline for initial disclosures as January 19, 2026. Dkt. 30. The Parties exchanged initial disclosures, and the City and Officer Alvarez stipulated to permit Plaintiff to amend the complaint "to substitute newly identified officers in place of previously named DOE defendants." Dkt. 33, ¶¶ 4-5, 10. The SAC was filed on January 30, 2026, and the Motion was filed on March 3, 2026. Dkts. 35, 38. The matter was fully briefed on March 20, 2026. Dkts. 39-40.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice." *UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted). A court must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in their favor. *See Boquist v.*

United States District Court
Northern District of California

*Courtney*, 32 F.4th 764, 772 (9th Cir. 2022). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

## III.   DISCUSSION

### A.   Plaintiff's Section 1983 Claims Against Officers Ryu, Freudenstein and Jaycox are Sufficiently Pleaded

The Court begins with Defendants' challenge to Plaintiff's Section 1983 allegations against Officers Ryu, Freudenstein and Jaycox. Defendants do not challenge the allegations against Officer Alvarez, but argue that the other Named Officers' "liability is purportedly premised on either their personal participation in the conduct or acting in concert with others, or 'authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent unlawful conduct.'" Dkt. 38 at 6 (citing Dkt. 35, ¶¶ 14, 31). They argue that, therefore, "Plaintiff has done no more than plead the legal theories as far as the remaining named officers" without pleading "any facts." *Id.*

The Court is persuaded by Defendants' first argument. Plaintiff pleads specific and direct involvement in the alleged assault by three officers: one unnamed officer who "took Plaintiff to the ground and was straddling him, a second officer [who] joined to hold Plaintiff on the ground" and Officer Alvarez who "sprinted toward Plaintiff and struck him with a blow from his knee" while he was "pinned on the ground." Dkt. 35, ¶¶ 19, 23. Accordingly, construing the pleadings in the light most favorable to Plaintiff, it possible that the two unnamed officers are two of Officers Ryu, Freudenstein and Jaycox. The fact that it is possible, however, does not make it plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 557 (2007) (there is a "need at the pleading stage for allegations plausibly suggesting (not merely consistent with)" liability). In the absence of allegations naming the officers, for example, the Court has no way of knowing which two of Officers Ryu, Freudenstein and Jaycox are implicated.[4]

---

[4] Although consistent with the pleadings, the Court cannot rely on the facts proffered in Plaintiffs' opposition that Officer Jaycox "delivered closed-fist strikes before helping secure Plaintiff in handcuffs" and "Officer Freudenstein performed [the] takedown maneuver." Dkt. 39 at 11; *see Verdugo v. City of San Jose*, No. 25-cv-08776-SVK, 2026 WL 825707, at \*2 (N.D. Cal. Mar. 23,

United States District Court
Northern District of California

However, the Court must also consider Plaintiff's alternative theory of liability:  that Officers Ryu, Freudenstein and Jaycox are liable for "authorizing, acquiescing, condoning" or "failing to take action to prevent [the] unlawful conduct."  *See* Dkt. 38 at 6.  Defendants argue that such allegations are insufficient to subject Officers Ryu, Freudenstein and Jaycox to liability as a matter of law.  Dkt. 38 at 6.  Defendants cite no legal authority, however, for this proposition.  Indeed, the converse is true:  "[O]fficers can be held liable for failing to intercede" so long as "they had an opportunity to intercede."  *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000).  Accordingly, even if Named Officers Ryu, Freudenstein and Jaycox did not directly participate in the alleged assault, because Plaintiff alleges that they were "at the scene" and "failed to stop the assault" and alleges a course of events that appears to have occurred over a sufficiently long time so as to give the Named Officers an opportunity to intercede, (*see* Dkt. 35, ¶¶ 19-23), Plaintiff's claims are sufficiently pleaded under a failure to intervene theory.

Accordingly, Defendants' Motion to Dismiss the Section 1983 claims against Officers Ryu, Freudenstein and Jaycox is **DENIED**.  However, for clarity of the record and to streamline the proceedings, the Court also **grants leave to amend** for Plaintiff to add his proffered allegations as to the direct involvement of Officers Jaycox and Freudenstein.  *See* Dkt. 39 at 11.

**B.      Among the State Tort Claims, Defendants Challenge Only the Bane Act Claim and Claim for Intentional Infliction of Emotional Distress.  Plaintiff Has Adequately Pleaded These Claims.**

Next, although Defendants appear to take issue with all of Plaintiff's "state tort claims" against Officers Alvarez, Ryu, Freudenstein, and Jaycox, (Dkt. 38 at 2), the proper scope of this challenge is significantly narrower.  First, Defendants' arguments are in substance directed only to the "Bane Act" claim under California Civil Code Section 52.1 (Count IV) and Plaintiff's claim for Intentional Infliction of Emotional Distress ("IIED") (Count VI).  *See* Dkt. 38 at 6-8.  Thus, the Court **DENIES** the Motion insofar as it seeks to dismiss Plaintiff's claims for common-law

---

2026) ("A court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss' in determining whether to grant the Motion.").  However, the Court may "look to proffered facts in an opposition in determining whether to grant leave to amend."  *See, e.g., Flickinger v. Castillo*, No. [CONTINUED] 24-cv-02915-NW (SVK), 2025 WL 3255026, at *5 (N.D. Cal. Aug. 27, 2025), *report and recommendation adopted,* 2026 WL 517973 (N.D. Cal. Feb. 25, 2026).

United States District Court
Northern District of California

battery and negligence because Defendants' Motion does not meet their burden.

Additionally, Officer Alvarez previously answered the first amended complaint, which, as Plaintiff points out, included the same allegations as the second amended complaint as to Officer Alvarez. *See* Dkt. 39 at 4; Dkt. 33, ¶ 7; *compare also* Dkt. 12 at 9-12 *with* Dkt. 35 at 9-12. Accordingly, the Court finds he has waived his Rule 12(b)(6) challenge. *E.g.*, *Brinson v. California*, No. 25-cv-02381-DMR, 2025 WL 2967812, at *4 (N.D. Cal. Oct. 20, 2025) ("Amending a complaint does not automatically revive defenses and objections the defendant has previously waived. ... Thus, a defendant may bring a Rule 12(b) motion objecting to an amended complaint only to the extent the challenges asserted in that motion are based on the new matter in the amended complaint." (cleaned up) (citations omitted)).  Thus, the Court **DENIES** the Motion insofar as it seeks dismissal of the Counts IV and VI against Officer Alvarez.

Thus, the only challenges properly before the Court are Officers' Ryu, Freudenstein and Jaycox's challenges to the Bane Act claim and claim for IIED.

The Bane Act "was enacted in 1987 to address hate crimes." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018).  It "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by threats, intimidation, or coercion." *Id.* (internal quotation marks and citations omitted).  After analyzing California state intermediate appellate court authorities, which federal courts "must follow" unless they find "convincing evidence that the state's supreme court likely would not follow" such authority, the Ninth Circuit clarified:

> [W]e draw two conclusions as to the necessary showing for an excessive force claim under the Bane Act. First, the Bane Act does not require the "threat, intimidation or coercion" element of the claim to be transactionally independent from the constitutional violation alleged. Second, the Bane Act requires a "a specific intent to violate the arrestee's right to freedom from unreasonable seizure."

*Id.* at 1043.  So, the elements of a Bane Act claim for use of excessive force are the same as under Section 1983 but with the additional intent element:  "[T]he jury must find that the defendants intended not only the force, but its unreasonableness." *Id.* at 1045.  Here, the Court agrees with Defendants that Plaintiff alleged only actions and omissions that "were conscience-shocking,

6

reckless, deliberately indifferent to Plaintiff's rights, negligent, and objectively unreasonable," but not *intentionally* unreasonable or violative. *See* Dkt. 35, ¶ 33. Accordingly, Plaintiff's claim for violation of Cal. Civ. Code § 52.1 against Officers Ryu, Freudenstein and Jaycox is **DISMISSED with leave to amend**.

As to for IIED, the elements of such a claim require "extreme and outrageous conduct" performed "with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (citing *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982)). Defendants' argument, based on a lack of specific intent, is the same. *See* Dkt. 38 at 7-8. Here, however, the Court is not persuaded. Plaintiff pleads "reckless" conduct as his legal theory supported by the specific facts set forth in paragraphs 17-32. Dkt. 35, ¶¶ 17-33. The Court finds that, based on the facts set forth in Plaintiff's SAC, it is plausible to infer that the Named Officers acted with "reckless disregard of the probability of causing[] emotional distress," as required by *Corales.* 567 F.3d at 571. Accordingly, Defendants' Motion to dismiss count VI is **DENIED**.

**C.     Plaintiffs' Allegations Against Doe Defendants Remain Pending Discovery**

Finally, Defendants move to dismiss Doe defendants, arguing that "Doe pleadings are generally not permissible in federal court." Dkt. 38 at 8. Defendants' argument is overly broad. True, "general allegations that [Doe Defendants] committed wrongdoing" are improper and "the use of 'John Doe' to identify a defendant is not favored." *Villarreal v. Cnty. of Monterey*, 254 F. Supp. 3d 1168, 1194-95 (N.D. Cal. 2017). "Nonetheless, while cases lacking specific allegations against Doe Defendants are improper, where a plaintiff has specific allegations against officers and/or supervisors but is unaware of any particular officer's name, the plaintiff may name 'Doe Officers' and amend the pleading … to add their names once she has discovered their identities." *Verdugo v. City of San Jose*, No. 25-cv-08776-SVK, 2026 WL 825707, at *3 (N.D. Cal. Mar. 23, 2026) (contrasting *id.* with *Acasio v. San Mateo Cnty. Sheriff's Off.*, No. 14-cv-04689-JSC, 2015 WL 333011, at *5 (N.D. Cal. Jan. 23, 2015)). Here, all of the Doe Defendants are "Doe Officers," named "individually and in their official capacity as police officers for the San Jose Police Department" and alleged to have been involved, directly or indirectly, in the conduct at issue.

United States District Court
Northern District of California

7

Dkt. 35 at 1; *see also id.*, ¶¶ 17-33.  Plaintiff is merely unaware of the specific "who did what" and the names of some officers. *See id.*  On the other hand, initial disclosures have been exchanged and at least some of the Officers involved in the alleged incident have been identified by Defendants. *See* Dkt. 33, ¶ 4.  At some point, the universe of involved officers is narrow enough that remaining Doe Defendants must be removed.

Balancing these considerations and administering the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination" of this action, (Fed. R. Civ. P. 1), the Court **DENIES** Defendants' Motion to dismiss Doe Defendants but **ORDERS** that, **no later than 30 days prior to the close of fact discovery in this case**, Plaintiff **shall amend** the operative complaint to remove any remaining Doe Defendants.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the SAC is **GRANTED IN PART** and **DENIED IN PART**.  The Bane Act claim (Count IV) against Defendants Ryu, Freudenstein and Jaycox is **DISMISSED with leave to amend**, while the remaining claims are not dismissed against any defendants.

If Plaintiff amends his SAC, he shall also amend to clarify the identities of the two other directly involved officers, (*see* Dkt. 35, ¶¶ 18-19), when they are known.  Moreover, Plaintiff **shall amend** the operative complaint to remove any remaining Doe Defendants and substitute any other known officer-defendants **no later than 30 days prior to the close of fact discovery**.

Plaintiff's amended complaint with regard to the Bane Act claim, if any, shall be due **no later than May 29, 2026**.  If no amended complaint is filed at that time, Defendants shall answer the second amended complaint **no later than June 5, 2026**.

**SO ORDERED.**

Dated: May 15, 2026

Susan van Keulen

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

8